FOR COURT USE ONLY

**FILED & ENTERED**

**FEB 11 2010**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY adomingu DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re: Jhony Mejia

CHAPTER: 13

CASE NO.: 1:09-bk-26467

DATE: 2/9/10
TIME: 9:00 a.m.
CTRM: 302
FLOOR: 3rd

Debtor(s)

# ORDER ON MOTION TO AVOID JUNIOR LIEN ON REAL PROPERTY
## (CREDITOR HOLDING JUNIOR LIEN: BANK OF AMERICA)

1. The Motion was:  ☐ Contested   ☒ Uncontested   ☐ Settled by stipulation

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property ("Subject Property"):

   *Street Address:* 15738 Lassen St.
   *Apartment/Suite No.:*
   *City, State, Zip Code:* North Hills, CA 91343

   Legal description or document recording number (including county of recording):

   ☐ See attached page.

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

   a. Aurora Loan Services          in the amount of $460,000          ☐ is ☒ is not   to be avoided;
      (*Name of holder of 1st Lien*)              (*Amount of lien*)
   b. Bank of America               in the amount of $62,999           ☒ is ☐ is not   to be avoided;
      (*Name of holder of 2nd Lien*)              (*Amount of lien*)
   c. _____        in the amount of _____    ☐ is ☐ is not   to be avoided;
      (*Name of holder of 3rd Lien*)              (*Amount of lien*)

   ☐ See attached page for any additional encumbrance(s).

*(Continued on next page)*

Order On Motion to Avoid Junior Lien on Real Property - *Page 2 of* ____

| In re | Jhony Mejia | CHAPTER: 13 |
|---|---|---|
| | Debtor(s). | CASE NO.: 1:09-bk-26467 |

4. The motion is:
   a. ☐ DENIED  ☐ with  ☐ without  prejudice, on the following grounds:
      1. ☐ Based upon the findings and conclusions made on the record at the hearing
      2. ☐ Unexcused non-appearance by Movant
      3. ☐ Lack of proper service
      4. ☐ Lack of evidence supporting motion
      5. ☐ Other (specify):
   b. ☒ GRANTED on the following terms:
      i. The Subject Property is valued at no more than $240,000 based on adequate evidence.

      ii. This order is effective upon receipt of a chapter 13 discharge in this case.

      iii. Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.

      iv. The claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.

      v. The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim. The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan. If an amended claim is not filed, the Trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order.

      vi. The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon the Debtor's completion of the chapter 13 plan and the Debtor's receipt of a chapter 13 discharge.

      vii. The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, if the Debtor completes the chapter 13 plan but does not receive a discharge, or if the Subject Property is sold or refinanced prior to the Debtor's receipt of chapter 13 discharge.

      viii. In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's completion of the chapter 13 plan and receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the surplus proceeds from the foreclosure sale for the full amount due and owing under the note and deed of trust.

      ix. ☐ See attached continuation page for

*[Signature: Maureen A. Tighe]*

DATED: February 11, 2010

_____
United States Bankruptcy Judge

2

Order On Motion to Avoid Junior Lien on Real Property - *Page 3 of* ____

| In re   Jhony Mejia | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NO.: 1:09-bk-26467 |

3

Order On Motion to Avoid Junior Lien on Real Property - *Page 4 of* ____

| In re    Jhony Mejia | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NO.: 1:09-bk-26467 |

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)**  **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**)  **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER GRANTING MOTION TO AVOID LIEN was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of February 11, 2010 , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Elizabeth (SV) F Rojas    cacb_ecf_sv@ch13wla.com

- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Deborah M Bass
Law Offices of Deborah Bass
8961 Sunset Blvd Ste 2A
Los Angeles, CA 90069

Jhony Mejia
15738 Lassen St
North Hills, CA 91343

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page