**JHONY MEJIA**
15701 Lassen Street
North Hills, CA 91343
Telephone: (818) 299-3037
Fax: (888) 710-3022

In Pro Per

FILED

FEB 1 7 2010

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re:** | **Case No.: 1:09-bk-26467-MT** |
| **JHONY MEJIA,** | **Chapter 13** |
| **Debtor** | **DEBTOR'S REPLY TO RESPONDENTS' OPPOSITION TO DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 362(a)(3)(h) §105 FOR (1) WILLFUL VIOLATION OF AUTOMATIC STAY AGAINST DEBORAH M. BASS AND AURORA LOAN SERVICES LLC** |
| **JHONY MEJIA** | **(2) CONTEMPT** |
| **Movant** | **(3) REQUEST FOR SANCTIONS** |
| Vs. | **(4) REQUEST FOR DAMAGES** |
| **AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC SYSTEMS, DEBORAH M. BASS** | **(5) REQUEST TO RETURN DEBTOR'S PROPERTY** |
| **Respondents** | **[11 U.S.C. § 362(a)(2)(3)]** |
| | **Date: February 23, 2010** |
| | **Time: 11:00 AM** |
| | **Ctrm: 302** |
| | **21041 Burbank Blvd** |
| | **Woodland Hills, CA 91367-6603** |

TO: THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY

JUDGE, ELIZABETH F. ROJAS, CHAPTER 13 TRUSTEE AND ALL INTERESTED

PARTIES THEREON:

1

1  Jhony Mejia ("Debtor") respectfully submits the following **Reply to Respondents'**

2  **Opposition to Debtor's Motion pursuant to 11 U.S.C. § 362(a)(3)(b) § 105** for 1. Willful

3  Violation of Automatic Stay against counsel Deborah M. Bass (herein "Counsel") and AURORA

4  LOAN SERVICES LLC (herein "AURORA"); 2. Contempt; 3. Request for Sanctions; 4. Request for

5
6  Damages in the amount of $10,000.00; 5. Request to return Debtor's Property located at 15738

7  Lassen St., North Hills, California 91343.

8  On January 28, 2010, The Honorable Judge Maureen Tighe, presiding at the hearing

9  scheduled on January 28, 2010 at 9:00 a.m. at 21041 Burbank Blvd, Woodland Hills, CA 91367

10  Room 302 found, based on the pleadings and oral arguments at the hearing through and by their

11
12  counsel representative, that Debtor was under the Protection of the Automatic Stay and that

13  AURORA and Counsel Deborah M. Bass violated the Automatic stay. However, the Court allowed

14  an extension of time of fourteen days (14) for counsel Deborah M. Bass and AURORA, to file an

15  opposition to Debtor's Motion for Violation of Automatic Stay, since their counsel claimed in their

16  pleadings and oral arguments that their previous response to Debtor's motion was done "blind" in

17
18  the sense that Counsel did not have the benefit of Debtor's motion in hand. (see Counsel Response to

19  Debtor's Motion ¶ 3 line 18 pg. 3).   The Court also ruled at the same hearing that Debtor has until

20  February 18 to file an opposition to Respondents' Opposition.

21  On February 10, 2010 Respondents, AURORA and its Counsel Deborah M. Bass (hereinafter

22  referred to as "Respondents") filed a Supplemental response to Debtor's Motion for Willful

23  Violation of the Automatic Stay and further relief for hearing.

24  ## RESPONDENTS' SUPPLEMENTAL RESPONSE TO DEBTOR'S MOTION FOR

25
26  ## VIOLATION OF AUTOMATIC STAY LACKS LEGAL BASIS AND THE EVIDENCE

27
28

2

## SUBMITTED BY RESPONDENTS SUPPORT DEBTOR'S MOTION FOR VIOLATION OF

## AUTOMATIC STAY

### 28 U.S.C. 157 (b) (2)

In their response Respondents allege that Debtor's case has been dismissed, and as a result of the case being dismissed the court proceeding pursuant to 28 U.S.C. 157(b)(2) is dismissed. Respondents legal basis is in support of Debtor's motion instead. Here, Debtor's case is under the umbrella of title 11 and the Court has jurisdiction to hear and determine all cases under title 11 since one of Debtor's request is an order to turn over property of the estate and is related to the automatic stay.

Title 28 U.S.C. §157(b)(1) and (2) reads as follows:

*(b) (1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.*

*(2) Core proceedings include, but are not limited to—*

*(A) matters concerning the administration of the estate;*

*(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;*

*(C) counterclaims by the estate against persons filing claims against the estate;*

*(D) orders in respect to obtaining credit;*

3

*(E) orders to turn over property of the estate;*

*(F) proceedings to determine, avoid, or recover preferences;*

*(G) motions to terminate, annul, or modify the automatic stay;*

*(H) proceedings to determine, avoid, or recover fraudulent conveyances;*

*(I) determinations as to the dischargeability of particular debts;*

*(J) objections to discharges;*

*(K) determinations of the validity, extent, or priority of liens;*

*(L) confirmations of plans;*

*(M) orders approving the use or lease of property, including the use of cash collateral;*

*(N) orders approving the sale of property other than property resulting from claims brought*

*by the estate against persons who have not filed claims against the estate;*

*(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of*

*the debtor-creditor or the equity security holder relationship, except personal injury tort or*

*wrongful death claims; and*

*(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.*

Although Debtor's case has been dismissed such dismissal does not affect Debtor's motion

violation since it is ancillary to the case. Also, **the violation of the automatic stay by Respondents**

**occurred prior of Debtor's case being dismissed.** In addition, **Debtor filed a motion for relief**

**from judgment pursuant to Fed.R.Bankr.P. 9024 which needs to be determined by the Court.**

Even though Debtor's case has been dismissed the same has not been closed; See *In re Income*

*Property Builders, Inc.*, 699 F.2d 965 (9th Cir. 1982); *Singleton v. Countrywide Home Loan, Inc. (In*

4

*re Singleton*), 358 B.R. 253 (D.S.C. 2006); *In re King*, 214 B.R. 334 (Bnkr. W.D. TENN. 1997*)*. therefore, The Court has jurisdiction to rule upon the motion for Violation of Automatic Stay.

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(A)(E)(G)(H) and (O). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

The fact that Respondents responded to Debtor's Motion for Violation of Automatic stay caused them to voluntarily submit themselves to the Court's Jurisdiction.

In their supplemental response, the Respondents state that it is questionable whether it was the Debtor who was evicted and they support such statement with a Declaration of Loree Nichols filed concurrently with their supplemental response.  First, the Respondents try to convince the Court that they did not violate the automatic stay because somehow the Debtor (MEJIA) was not evicted and therefore there was no violation of the automatic stay, (see Counsel Supplemental Response to Debtor's Motion for Willful Viol. Pg 2 ¶ 2 line 12).  Respondents' argument is neither persuasive nor convincing.  It is obvious they were intending to evict Debtor from his property when he was under the protection of the Automatic Stay.  Second, declarant Loree Nichols stated in her declaration that there were some items left behind in the property for the value of approximately $300.00.  Declarant discarded those items in complete disregard to bankruptcy rules.  She did not care whether or not such items were property of the estate according to bankruptcy rules 541 and proceeded in complete disregard for safekeeping any property of the Debtor remaining on the premises after the eviction for up to 15 days.  The Debtor's property (property of the estate) could have been moved to storage and reasonable storage costs assessed, ( see Loree Nichols Declaration pg 2 ¶ 4).  Here, it shows that

respondents' intent was to evict Debtor in complete disregard to Bankruptcy Rules.  Further,

questioning to the Declarant would be necessary in order to know how she determined the value of

the property she discarded that belongs to Debtor's property estate. Third, the declarant contradicts

herself when she said that *"At no time did I or anyone working for me remove any personal property*

*of any value that had bee left in the property."* (see Loree Nichols Declaration pg 2 ¶ 4).

In the Declaration of Leo Avila filed February 10, 2010 in page 2 paragraph 6, states:

*"On December 11, 2009 I sent the letter instructions to proceed with the lockout via*

*facsimile.  I later called the Sheriff to confirm that they had received our instructions as well*

*as a copy of the Pacer print out with all of the relevant bankruptcy information."*  Both

declarations submitted by Respondents clearly show that Respondents' intent was to willfully violate

the automatic stay.

The Declaration of Loree Nichols and Leo Avila do not conform with the Rules of Civil

Procedure concerning Declarations in that they are vague and ambiguous and lacks specificity. Even

if the Court was to admit both Declarations, such declarations clearly support Debtor's argument that

Respondents were in willful violation of the automatic stay since they refused to notify the Sheriff to

stop the eviction.

The two declarations submitted by Respondents in support of their allegations in their

opposition to Debtor's motion for violation of the Automatic Stay, do not comply with the Federal

Rules of Civil Procedure and Evidence Code.

### 11 U.S.C. SECTION 362 (b) (22)

The Respondents, AURORA and its counsel Deborah M. Bass state; without any legal basis

to the same; that Debtor automatically transformed from a Debtor-in possession

6

mortgagor/borrower/owner status of the property that is part of the bankruptcy estate that is in question into a tenant. The Respondents, without any legal basis or analysis, state that by the mere fact that Debtor was served a 3 Day Notice to Vacate prior to Respondents filing the unlawful detainer complaint, Debtor somehow changed his status quo from resident owner to resident tenant and therefore 11 U.S.C. Section 362 (b) (22) applies; and therefore, Respondents did not violate the Automatic Stay, (see Counsel Supplemental Response to Debtor's Motion for Willful Viol. Pg 3 ¶ 1 line 3-5). Debtor disagrees as there is no legal basis to support Respondents argument that Debtor status quo somehow changed from resident owner to resident tenant; and therefore 11 U.S.C. §362 (b) (22) does not apply in this case since there is not any landlord/tenant lease involved within this case.

### "THE SHERIFF MADE ME DO IT" EXCUSE

AURORA and counsel Deborah M. Bass state in their supplemental response to Debtor's Motion for Willful violation of the Automatic Stay as follows:

*"Finally, as seen in the Declaration of Leo Avila filed and served this date, it was the Sheriff who indicated to counsel for AURORA and AURORA that the Los Angeles Sheriff had a long standing policy that under the BACA case it would proceed with the eviction. As a result of this policy and statement by the Sheriff's office, counsel for AURORA allowed the Sheriff's eviction to proceed".* First, It is the Policy of the Los Angeles Sheriff Department that whenever a Counsel who obtains a writ of possession for their clients called them to stop the eviction, the Sheriff will stop the eviction process as requested by that counsel. Second, *Lee vs. Baca* (1999) 73 Cal.App.4th 1116, 86 Cal.Rptr.2d 913 case is irrelevant to this case since there is no lease or rental agreement involved nor any landlord/tenant relationship here; and

7

*Lee vs. Baca* (id) involves a landlord/tenant lease. Third, *Lee vs. Baca* does not apply

because there is no rental property involved in this case. And, Fourth, Debtor has legal and

equitable interest in the property and is property of the estate.

## PROPERTY OF THE ESTATE

Bankruptcy Rule 541:

"(a)  The commencement of a case under section 301, 302, or 303 of this title creates an

estate.  Such estate is comprised of the following property, wherever located and by whomever

held:

(1)  Except as provided in subsection (b) and (c )(2) of this section, all legal or equitable interests

of the debtor in property as of the commencement of the case."

## THE AUTOMATIC STAY

### A. Basics Of The Automatic Stay

1. Relief from Acts of Creditors

a. The automatic stay is one of the most significant protections provided by the Bankruptcy

Code. *In re Vierkant,* 240 B.R. 317 (B.A.P. 8th Cir. 1999).

b. The moment the debtor files for bankruptcy petition, the automatic stay springs into being

and operates without necessity for judicial intervention. *In re Soares,* 107 F.3d 969 (1st Cir.

1997).

c. It provides the debtor a "breathing spell" by placing a freeze, for a limited time, on any

action taken against the debtor or the debtor's property. *Farley v. Henron,* 2 F.3d 273, 274 (8th

Cir. 1993); *In re Ahlers,* 794 F.2d 388 (8th Cir. 1986); *In re Donovan,* 266 B.R. 862 (Bankr.

S.D. Iowa 2001).

8

2. Acts Prohibited

    a. 11 U.S.C. § 362(a)

        (i) Commencement or continuation of an action or proceeding against the debtor on a

claim that arose pre-petition;

        (ii) Enforcement against the debtor or against property of the estate of a judgment;

        (iii) Any act to obtain possession of property of the estate or to exercise control over

property of the estate;

        (iv) Any act to create, prefect or enforce any lien against property of the estate;

        (v) Any act to create, prefect or enforce against property of the debtor any lien securing a

claim that arose pre-petition;

        (vi) Any act to collect, assess or recover a claim against the debtor that arose pre-petition;

        (vii) Set off using a claim that arose pre-petition; and

        (viii) Commencement or continuation of a proceeding before the U.S. Tax Court.

    b. In the mortgage context this includes:

        (i)  Commencing a suit by serving a complaint;

        (ii) Obtaining a foreclosure judgment;

        (iii) Issuing a petition to foreclose;

        (iv) Notifying all interested parties;

        (v) Coordinating the time, place and terms of the sale;

        **(vi) Hiring an officer to conduct the sale;**

        **(vii) Advertising the sale; and**

        (viii) Conducting a foreclosure sale.

3. Actions in Violation of the Stay

    a. The courts are divided on whether an act in violation of the stay is void or merely voidable. *Carpio v. Smith (In re Carpio)*, 213 B.R. 744, 748-49 (Bankr. W.D. Mo. 1997) (collecting cases addressing the issue).

    b. Some courts hold that actions in violation of the stay are void, even if the party performing the act did not have notice of the bankruptcy case, because it places the burden on the creditor to obtain relief from the stay freeing the debtor to focus on reorganizing. *Farley v. Henson*, 2 F.3d 273, 275 (8th Cir. 1993); *Ellis v. Consolidated Diesel Electric Corp.*, 894 F.2d 371 (10th Cir. 1990); *In re Louisiana Ship Management, Inc.*, 761 F.2d 1025 (5th Cir. 1985); *In re Vierkant*, 240 B.R. 317 (B.A.P. 8th Cir. 1999); *In re Donovan*, 266 B.R. 862 (Bankr. S.D. Iowa 2001); *In re Boston Bus. Mach.*, 87 B.R. 867, 870 (Bankr. E.D. Pa. 1988).

    c. Other courts, however, hold that actions in violation of the stay are merely voidable because actions in violation of the stay may be validated or otherwise cured. *Bronson v. United States*, 46 F.3d 1573 (Fed. Cir. 1995); *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905 (6th Cir. 1993); *Picco v. Global Marine Drilling Co.*, 900 F.2d 846 (5th Cir. 1990); *In re Reichenbach*, 174 B.R. 997, 1001 (Bankr. E.D. Ark. 1994); *In re Oliver*, 38 B.R. 245, 248 (Bankr. D. Minn. 1984).

**4. Penalties for Violation**

    a. The debtor is entitled to recover any actual damages, including the debtor's attorneys' fees caused by a "willful violation" of the automatic stay, and in "appropriate circumstances" the debtor may also recover punitive damages. 11 U.S.C. § 362(h).

    b. A violation of the stay is willful if the violating entity knew that the debtor was in

bankruptcy. *In re Carroll*, 903 F.2d 1266, 1272 (9th Cir. 1990).

c. The violating entity's good faith belief that its action would not violate the stay does not render the violation not willful. *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir. 1990).

## B. Limitations On And Obtaining Relief From Stay

1. 11 U.S.C. § 362(d) – Relief from the Stay AURORA knew that their actions, through their counsel, in commencing a forfeiture proceeding against the Property constitute a willful violation of the stay. A violation of the stay is willful if (1) the creditor knew of the stay, and (2) the creditor's actions, which violated the stay, were intentional. *In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992). Proof of specific intent to violate the stay is not necessary, nor is a good faith belief that the stay is not being violated relevant. *Campion v. Associated Credit Servs., Inc. (In re Campion),* 294 B.R. 313, 316 (9th Cir. BAP 2003). The only remaining issue is the proper amount of damages. 11 U.S.C. § 362(h) provides: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Mr. Mejia suffered actual damages attributable to the stay violation in the form of loss of a job opportunity and emotional distress. Further, this is a case where it is obvious, that a reasonable person would suffer significant emotional harm by the Respondents "malicious, wanton or oppressive." violation of automatic stay. An award of punitive damages is warranted. 11 U.S.C. § 362(h) provides that an individual injured by a willful stay violation may recover punitive damages in appropriate circumstances. Punitive damages will be warranted only when the conduct complained of was "malicious, wanton or oppressive." *Ramirez v. Fuselier (In re Ramirez),* 183 B.R. 583, 590 (9th Cir. BAP 1995). AURORA through its counsel

11

clearly show reckless or callous disregard for the law or rights of others." *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 228 (9th Cir. 1989).

The Court, however, cannot ignore the Respondents' repeated failure to take corrective action. Although still a willful violation of the stay, it may have been mere carelessness by the Defendants' counsel in not ensuring that the stay was in placed or if the bankruptcy case had been dismissed, prior to commencing the forfeiture proceeding. If she had immediately discontinued the forfeiture upon being made aware of this error, no punitive damages would be warranted. However, this is not what occurred. Rather, Mr. Mejia was forced to make repeated attempts to advise the Defendants' counsel of the error and seek corrective action. On several occasions, the Defendants' counsel was asked by letter that was faxed repeated times and then mailed afterwards to contact Mr. Mejia so that further litigation could be avoided. Inexplicably these requests went unanswered. (Mr. Mejia's Declaration). This failure to respond forced the Debtor to file further pleadings and incur additional fees as the scheduled forfeiture date drew closer. The Court will conclude that the Respondents' unresponsiveness was a reckless disregard for the Debtor's rights. Mr. Mejia tried first making several attempts to resolve the matter without litigation. Although such efforts may have been futile in this case, this Court has repeatedly encouraged all parties to at least attempt to resolve such matters without court action. Based on the facts of this case, the Court will conclude that a punitive damage award of $50,000.00 is appropriate.

There also remains the issue of the Debtor's entitlement to an award of fees and costs. "The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay." *In re Ramirez*, 183 B.R. at 589. The Debtor is entitled to compensation for fees that were reasonably incurred as a result

of the willful stay violation. *See Stainton v. Lee (In re Stainton)*, 139 B.R. 232, 235 (9th Cir. BAP 1992). No evidence has been presented on the issue of the reasonableness of the attorney fees and costs.

## GENERAL DAMAGES

Debtor incurred general damages in the amount of $10,000. Debtor was required to pay two months of advanced rent in order to rent a place to live for himself and his family. At $1,500 per month, the total paid was $3,000.00. (See Exhibit A) Debtor had to give up two scheduled plumbing jobs in order to devote his time and energy to securing a place to live. The two scheduled plumbing jobs that Debtor was unable to perform each had an approximate value of $1,800, making the total amount of lost income approximately $3,600 (see Exhibit B) Debtor had $2,000 dollars in cash hidden in a box in his house that based on information and belief was thrown away by Loree Nichols. In addition, the value of The Debtor's property that was thrown away by Loree Nichols was approximately $1,400 worth of plumbing tools and other valuables.

## CONCLUSION

Therefore, based on the foregoing reasons, Debtor respectfully requests that:

the Debtor's Motion for Violation of Automatic Stay must be granted in its entirety and prays that:

1) All actions by AURORA LOAN SERVICES LLC and its counsel BARBARA M. BASS are stayed immediately.

2) Counsel Barbara M. Bass are sanctioned for intentional violation of the automatic stay.

3) The Court order AURORA LOAN SERVICES LLC and its counsel BARBARA M. BASS to return Mr. Jhony Mejia's property located at 15738 Lassen St., North Hills, CA 91343.

13

4) Mr. Jhony Mejia be awarded punitive damages and legal fees in the amount that the Court deems proper and just.

5) Mr. Jhony Mejia is awarded emotional distress damages and legal fees in the amount that the Court deems proper and just.

6) Mr. Jhony Mejia is awarded general damages for the amount of $10,000.00.

7) That Debtor's Motion pursuant to 11 U.S.C. § 362 (a)(3)(b) be granted in its entirety.

8) Vacate the Hearing scheduled for February 23, 2010 at 11 a.m. at 21041 Burbank Blvd., Woodland Hills, CA 91367; Hearing Room 302.

DATED: January 17, 2010

_Jhony Mejia_
Jhony Mejia, PRO SE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT "A"</u>**

# Month-to-Month Rental Agreement

### Clause 1. Identification of Landlord and Tenant

This agreement is entered into between _Jhony Mejia_ [Tenant] and
_Elizabeth Mendoza_ [Landlord]. Each Tenant is jointly and severally liable for the
payment of rent and performance of all other terms of this Agreement.

### Clause 2. Identification of Premises

Subject to the terms and conditions in this Agreement, Landlord rents to Tenant, and Tenant rents from Landlord, for
residential purposes only, the premises located at _15701 Lassen St, North Hills_
_California, 91343_ together with the following furnishings and appliances:

Rental of the premises also includes _N/A_

### Clause 3. Limits on Use and Occupancy

The premises are to be used only as a private residence for Tenant(s) listed in Clause 1 of this Agreement, and their
minor children. Occupancy by guests for more than _one week_ is
prohibited without Landlord's written consent and will be considered a breach of this Agreement.

### Clause 4. Term of the Tenancy

The rental will begin on _December 19th_, and continue on a month-to-month basis. Landlord may
terminate the tenancy or modify the terms of this Agreement by giving the Tenant _30_ days' written notice.
Tenant may terminate the tenancy by giving the Landlord _30_ days' written notice.

### Clause 5. Payment of Rent.

#### Regular month rent

Tenant will pay to Landlord a monthly rent of $ _1,500⁰⁰_, payable in advance on the first day of each month,
except when that day falls on a weekend or legal holiday, in which case rent is due on the next business day. Rent will
be paid in the following manner unless Landlord designates otherwise:

#### Delivery of Payment.

Rent will be paid:

☐ by mail, to _____

☒ in person, at _15701 Lassen # North Hills, CA 91343_

#### Form of payment.

Landlord will accept payment in these forms:

☐ personal check made payable to _____

☐ cashier's check made payable to _____

☐ credit card

☒ money order

☒ cash

cent areas in such a way as to: (1) violate any law or ordinance, including laws prohibiting the use, possession, or sale of illegal drugs; (2) commit waste (severe property damage); or (3) create a nuisance by annoying, disturbing, inconveniencing, or interfering with the quiet enjoyment and peace and quiet of any other tenant or nearby resident.

**Clause 14. Pets**

No animal, bird, or other pet will be kept on the premises, even temporarily, except properly trained service animals needed by blind, deaf, or disabled persons and _____ under the following conditions: _____ _Dogs allowed_ _____

_____

_____

**Clause 15. Landlord's Right to Access**

Landlord or Landlord's agents may enter the premises in the event of an emergency, to make repairs or improvements, or to show the premises to prospective buyers or tenants. Landlord may also enter the premises to conduct an annual inspection to check for safety or maintenance problems. Except in cases of emergency, Tenant's abandonment of the premises, court order, or where it is impractical to do so, Landlord shall give Tenant _24 hrs_ _____ notice before entering.

**Clause 16. Extended Absences by Tenant**

Tenant will notify Landlord in advance if Tenant will be away from the premises for ___5___ or more consecutive days. During such absence, Landlord may enter the premises at times reasonably necessary to maintain the property and inspect for needed repairs.

**Clause 17. Possession of the Premises**

a.   *Tenant's failure to take possession.*

If, after signing this Agreement, Tenant fails to take possession of the premises, Tenant will still be responsible for paying rent and complying with all other terms of this Agreement.

b.   *Landlord's failure to deliver possession.*

If Landlord is unable to deliver possession of the premises to Tenant for any reason not within Landlord's control, including, but not limited to, partial or complete destruction of the premises, Tenant will have the right to terminate this Agreement upon proper notice as required by law. In such event, Landlord's liability to Tenant will be limited to the return of all sums previously paid by Tenant to Landlord.

**Clause 18. Tenant Rules and Regulations**

☑ Tenant acknowledges receipt of, and has read a copy of, tenant rules and regulations, which are attached to and incorporated into this Agreement by this reference.

**Clause 19. Payment of Court Costs and Attorney Fees in a Lawsuit**

In any action or legal proceeding to enforce any part of this Agreement, the prevailing party ☐ shall not ☑ shall recover reasonable attorney fees and court costs.

**Clause 20. Disclosures**

Tenant acknowledges that Landlord has made the following disclosures regarding the premises:

☐ Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards

☐ Other disclosures:

**Clause 21. Authority to Receive Legal Papers**

The Landlord, any person managing the premises, and anyone designated by the Landlord are authorized to accept service of process and receive other notices and demands, which may be delivered to:

**Prorated first month's rent.** *tenant Paid $3000.ᵗ in Advance For January/February 2010*

For the period from Tenant's move-in date. _N/A_ _____, through the end of the month,
Tenant will pay to Landlord the prorated monthly rent of $ _N/A_ _____. This amount will be paid on or
before the date the Tenant moves in.

## Clause 6. Late Charges

If Tenant fails to pay the rent in full before the end of the _30th_ _____ day after it's due, Tenant will
pay Landlord a late charge as follows: _____

_____

Landlord does not waive the right to insist on payment of the rent in full on the date it is due.

## Clause 7. Returned Check and Other Bank Charges

If any check offered by Tenant to Landlord in payment of rent or any other amount due under this Agreement is re-
turned for lack of sufficient funds, a "stop payment," or any other reason, Tenant will pay Landlord a returned check
charge of $ _25.ᵗ_ _____.

## Clause 8. Security Deposits

On signing this Agreement, Tenant will pay to Landlord the sum of $ _∅_ _____ as a security deposit.
Tenant may not, without Landlord's prior written consent, apply this security deposit to the last month's rent or to any
other sum due under this Agreement. Within _N/A_ _____ after Tenant has vacated the premises,
returned keys, and provided Landlord with a forwarding address, Landlord will return the deposit in full or give Ten-
ant an itemized written statement of the reasons for, and the dollar amount of, any of the security deposit retained by
Landlord, along with a check for any deposit balance.

## Clause 9. Utilities

Tenant will pay all utility charges, except for the following, which will be paid by Landlord:
_utilities Paid By tenant_ _____

_____

## Clause 10. Assignment and Subletting

Tenant will not sublet any part of the premises or assign this Agreement without the prior written consent of Landlord.

## Clause 11. Tenant's Maintenance Responsibilities

Tenant will: (1) keep the premises clean, sanitary, and in good condition and, upon termination of the tenancy, return
the premises to Landlord in a condition identical to that which existed when Tenant took occupancy, except for ordi-
nary wear and tear; (2) immediately notify Landlord of any defects or dangerous conditions in and about the premises
of which Tenant becomes aware; and (3) reimburse Landlord, on demand by Landlord, for the cost of any repairs to
the premises damaged by Tenant or Tenant's guests or business invitees through misuse or neglect.
Tenant has examined the premises, including appliances, fixtures, carpets, drapes, and paint, and has found them to be
in good, safe, and clean condition and repair, except as noted in the Landlord-Tenant Checklist.

## Clause 12. Repairs and Alterations by Tenant

a.  Except as provided by law, or as authorized by the prior written consent of Landlord, Tenant will not make
    any repairs or alterations to the premises, including nailing holes in the walls or painting the rental unit.
b.  Tenant will not, without Landlord's prior written consent, alter, rekey, or install any locks to the premises or
    install or alter any burglar alarm system. Tenant will provide Landlord with a key or keys capable of unlock-
    ing all such rekeyed or new locks as well as instructions on how to disarm any altered or new burglar alarm-
    system.

## Clause 13. Violating Laws and Causing Disturbances

Tenant is entitled to quiet enjoyment of the premises. Tenant and guests or invitees will not use the premises or adja-

☐ The Landlord, at the following address: _____

☐ The manager, at the following address: _____

☐ The following person, at the following address: _____

_____

## Clause 22. Additional Provisions

Additional provisions are as follows:

N/A

_____

_____

_____

## Clause 23. Validity of Each Part

If any portion of this Agreement is held to be invalid, its invalidity will not affect the validity or enforceability of any other provision of this Agreement.

## Clause 24. Grounds for Termination of Tenancy

The failure of Tenant or Tenant's guests or invitees to comply with any term of this Agreement, or the misrepresentation of any material fact on Tenant's rental application, is grounds for termination of the tenancy, with appropriate notice to Tenant and procedures as required by law.

## Clause 25. Entire Agreement

This document constitutes the entire Agreement between the parties, and no promises or representations, other than those contained here and those implied by law, have been made by Landlord or Tenant. Any modifications to this Agreement must be in writing signed by Landlord and Tenant.

| 12-19-2009 | Elizabeth Mendoza | |
|---|---|---|
| Date | Landlord or Landlord's Agent | Title |

_____
Address

| | | | |
|---|---|---|---|
| City | State | Zip Code | Phone |

| 12-19-2009 | Shony Mejia | 818-2993037 |
|---|---|---|
| Date | Tenant | Phone |

| | | |
|---|---|---|
| Date | Tenant | Phone |

| | | |
|---|---|---|
| Date | Tenant | Phone |

# **EXHIBIT B**

# STATEMENT

| DATE |
|------|
| 12-16-09 |

TO  Erick Diaz.

ADDRESS  8283 willis Ave #9

CITY  Pamorama city  STATE  CA  ZIP  91402.

TERMS  Phone  818 310 2562  AMOUNT PAID

**PLEASE RETURN THIS PORTION WITH YOUR PAYMENT**

| DATE | DESCRIPTION | CHARGES | CREDITS | BALANCE |
|------|-------------|---------|---------|---------|
| | Replace shower tile | | | $1800 ºº |
| | Deposit. | | | 500 ºº |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | Balance | | $1300 ºº |

adams  9621

# STATEMENT

| | |
|---|---|
| **DATE** | 12-16-09 |

**TO** F.N. Diamond (tony)

**ADDRESS** 404 W 7th St. #615

**CITY** Los Angeles    **STATE** CA    **ZIP** 90014

**TERMS**    **AMOUNT PAID**

Phone (213)4894170

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT

| DATE | DESCRIPTION | CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|
| | Repiping (Cooper) | | | $1800 |
| | Steamer Maintenance | | | |
| | | | Deposit $ 1,000 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Confirmado para | | | |
| | 12-18-09 | | Balance | |
| | | | | $ 800 00 |
| | | | | |

Adams 9621

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, LUIS AYALA, hereby declare as follows:

I am over the age of 18 years and am employed in the County of Los Angeles, State of California. I am not a party to this action. My business address is 7210 Hayvenhurst Ave., Suite #314, Lake Balboa, CA 91406.

On February 16, 2010, I served the forgoing document(s) described as:

**DEBTOR'S REPLY TO RESPONDENTS' OPPOSITION TO DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 362 (a) (3) (h) §105 FOR (1) WILLFUL VIOLATION OF AUTOMATIC STAY AGAINST DEBORAH M. BASS AND AURORA LOAN SERVICES LLC**

**PROPOSED ORDER**

on the parties whose address appears on the attached service list, by placing or transmitting a true copy thereof in the manner indicated below:

**XX_____** (By Mail), I placed a true copy thereof in a sealed envelope, and caused such envelope, with postage thereon fully prepaid, to be placed in the United State's mail at Mission Hills, California.

**SEE ATTACHED LIST**

_____ (By Personal Service) I placed a true copy thereof in a sealed envelope and caused such envelope to be delivered by hand to the office of the address(es).

_____ (By Overnight Mail) I placed a true copy thereof in a sealed envelope and caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Mission Hills, California.

_____(By Facsimile) to the address(es), at the telephone number(s) listed on the attached service list.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 17, 2010 at North Hills, California.

Luis Ayala

15

## MAILING/FAX LIST

**Chapter 13 Trustee**
Chapter 13 Trustee
Elizabeth Rojas
Chapter 13 Trustee
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403

**Creditor**
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101
Tel: (619) 685-4800
Fax: (619) 685-4811
c/o AURORA LOAN SERVICES, LLC
and Mortgage Electronic Systems (MERS)

**Creditor**
Richardson & Harman, PC
234 East Colorado Boulevard, Suite, 800
Pasadena, CA 91101
Tel: (626) 449-5577
Fax: (877) 446-2529
c/o Village Northridge HOA

**Creditor**
DEBORAH M. BASS, ESQ.
8961 Sunset Blvd., Suite 2A
Los Angeles, CA 90069
c/o AURO LOANSERVICES LLC

**Creditor**

BAC Home Loans Services
1825 East Buckeye Road
Phoenix, AZ 85034

**Creditor**
Bank of America
P.O.BOX 7047
Dover, DE 19903

16

Debtor's Reply to Respondents' Opposition to Debtor's Motion pursuant to 11 U.S.C. §362 (a)(3)(h) §105 Willful Violation of Automatic Stay

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In Re:

JHONY MEJIA,

Debtor.

JHONY MEJIA

Movant

Vs.

AURORA LOAN SERVICES LLC,
MORTGAGE ELECTRONIC SYSTEMS,
DEBORAH M. BASS

Respondent

Case No.: 1:09-bk-26467-MT

Chapter 13

*[PROPOSED]* ORDER FOR
SANCTIONS FOR WILFULL
VIOLATIONS OF AUTOMATIC
STAY AGAINST DEBORAH M.
BASS AND CREDITOR AURORA
LOAN SERVICES LLC. AND
ORDERING RETURN OF THE
PROPERTY TO MR. JOHNY
MEJIA, AND AWARD OF
GENERAL AND PUNITIVE
DAMAGES

Date:
Time:
Ctrm: 302
    21041 Burbank Blvd.
    Woodland Hills, CA 91367-6603

LODGED

The motion of Jhony Mejia (herein "Mr. Mejia") the above named debtor, pursuant to 11 U.S.C. Section 362 (h) for Intentional Violation of the Automatic Stay requesting sanctions and attorney fees in the amount of $_____ and the return of his property located at 15738 Lassen St. North Hills, California 91343 from Aurora Loans Services LLC ("AURORA") and Deborah M. Bass (herein Bass) jointly and severally filed in this case. Movant party having regularly come on for hearing before the Honorable Judge Maureen Tighe, Judge presiding, on February 23, 2010, and evidence having been adduced, NOW, upon the application of the debtor and notice of motion dated

17

Debtor's Reply to Respondents' Opposition to Debtor's Motion pursuant to 11 U.S.C. §362 (a)(3)(h) §105 Willful Violation of Automatic Stay

January 12, 2010 and upon the evidenced adduced at said hearing, and good cause appearing therefore, it is ORDERED:

1. All actions by AURORA LOAN SERVICES LLC and its counsel BARBARA M. BASS be stayed immediately.

2. Counsel Barbara M. Bass be sanctioned for intentional violation of the automatic stay.

3. The Court order AURORA LOAN SERVICES LLC and its counsel BARBARA M. BASS to return Mr. Jhony Mejia's property located at 15738 Lassen St., North Hills, CA 91343.

4. Mr. Jhony Mejia be awarded punitive damages and legal fees in the amount of _____.

5. Mr. Jhony Mejia be awarded emotional distress damages and legal fees in the amount of_____.

6. Mr. Jhony Mejia be awarded general damages for the amount of $10,000.00.

7. That Debtor's Motion pursuant to 11 U.S.C. § 362 (a)(3)(b) be granted in its entirety.

8. Vacate the Hearing scheduled for February 23, 2010 at 11 a.m. at 21041 Burbank Blvd., Woodland Hills, CA 91367; Hearing Room 302.

DATED:


_____
Honorable Maureen Tighe
JUDGE OF THE U.S. BANKRUPTCY COURT

18

Debtor's Reply to Respondents' Opposition to Debtor's Motion pursuant to 11 U.S.C. §362 (a)(3)(h) §105 Willful Violation of Automatic Stay