FILED & ENTERED

MAR 08 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY williams  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

In re:

Jhony Mejia,

                              Debtor(s).

Case No: 1:09-bk-26467-MT

Chapter: 13

**ORDER GRANTING IN PART, DENYING IN PART DEBTOR'S MOTION FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

Date: February 23, 2010
Time: 11:00 AM
Location: Courtroom 302

On December 7, 2009, Jhony Mejia ("the debtor") filed this bankruptcy case. On January 12, 2010, the debtor filed a Motion for Willful Violation of the Automatic Stay against Aurora Loan Services, LLC ("Aurora"). On February 23, 2010, at 11:00 a.m., a hearing was held on the debtor's motion. This case presents the collision of a lender who did not honor the automatic stay with a debtor who thought he could profit by ignoring lawful state court orders and playing games with a bankruptcy filing.

**Undisputed Facts**

On September 6, 2007, the debtor executed a promissory note to purchase property located at 15738 Lassen Street, North Hills, CA 91343 ("the subject property"). The note was secured by a trust deed. The debtor ultimately defaulted, and on June 1, 2009, Aurora, the holder of the note, foreclosed on the subject property. On June 9, 2009, Aurora served the debtor with a Notice to Quit. The debtor did not vacate the subject property, and on July 9, 2009 Aurora filed an Unlawful Detainer complaint against the debtor.

- 1 -

On November 23, 2009, the state court entered an unlawful detainer judgment in favor of Aurora.  On November 24, 2009, the state court issued a Writ of Possession in favor of Aurora.

On December 7, 2009, the debtor filed this bankruptcy.  That same day, the debtor faxed Aurora a notice of the pending bankruptcy.  On December 8, 2009, Aurora received a Notice of Enforcement of Eviction from the sheriff's department indicating that lockout was scheduled for December 18, 2009.   A representative of Aurora contacted the sheriff's department telephonically regarding the bankruptcy, and was informed that it was the sheriff's policy to go forward with eviction once the judgment for possession had been granted, regardless of any subsequently filed bankruptcy.  On December 18, 2009, the debtor was locked out of the subject property.

On January 12, 2010, the debtor filed a Motion for Willful Violation of the Automatic Stay, seeking emotional damages, $50,000 in punitive damages, and general damages totaling $10,000 broken down as follows: $3,000 in rent paid for a new residence, $3,600 due to two lost plumbing jobs, $2,000 lost cash that was allegedly on the subject property in a hidden box, and $1,400 worth of plumbing tools and other valuables that the debtor was unable to retrieve due to the eviction.

**Legal Standard**

Under the Bankruptcy Code, the automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or exercise control over property of the estate." 11 U.S.C. §362(a)(3).  In turn, estate property is defined as  "all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case."  11 U.S.C. §541(a)(1).  When the automatic stay is violated, "an individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. 362(k)(1). Once the creditor becomes aware of the filing of the bankruptcy petition and therefore the automatic stay, any intentional act is "willful."  *Halas v. Platek*, 239 B.R. 784 (N.D. Ill. 1999).

California law directs enforcement of unlawful detainer judgments.  Under California law, "a writ of possession issued pursuant to a judgment for possession in an unlawful detainer action shall be enforced pursuant to this chapter without delay, notwithstanding receipt of notice of the filing by the defendant of a bankruptcy proceeding."  CAL. CODE. CIV. PROC. §715.050.

There are two competing lines of interpretation on the issue of whether the eviction of a debtor in a bankruptcy case that is filed after the writ of possession has issued is a violation of the automatic stay.  In *Lee v. Baca*, 73 Cal.App.4th 1116 (Cal. Ct. App. 1999), the California court of appeals held that an unlawful detainer judgment extinguishes a residential tenant's interest in the property and that a post-judgment bankruptcy filing does not affect the landlord's right to regain possession of the property because it is not property of the debtor's estate.  73 Cal.App.4th at 1117.  In *Lee*, a debtor filed for bankruptcy after the debtor's landlord had obtained an unlawful detainer judgment and writ of possession.  *Id.*  Despite the judgment, the sheriff refused to evict the debtor until the landlord obtained relief from the automatic stay.  *Id.* at 1118.  The landlord filed a petition for a writ of mandate and a complaint for declaratory and injunctive relief and damages against the sheriff for its refusal to evict the debtor unless relief from the stay was obtained.  *Id.*  The court, relying on *In re Smith*, 105 B.R. 50 (Bankr. C.D. Cal. 1989), reasoned that once the unlawful detainer judgment was entered in favor of the landlord, the debtor/tenant no longer had any legal or equitable interest in the property, and therefore the automatic stay did not apply.  Cal.App.4th at 1119-20.  As a result, the eviction would not have constituted a violation of the automatic stay.

In the other line of cases, best represented by *In re Butler*, 271 B.R. 867 (Bankr. C.D. Cal. 2002), the court ruled that a possessory interest in property is an equitable interest under California law and is therefore protected by the provisions of the automatic stay.  The salient facts in *Butler* were substantially similar to those in *Lee*:  The debtor defaulted on her monthly rent, the landlord filed an unlawful detainer action against the debtor and was awarded a writ of possession, the debtor subsequently filed her bankruptcy and was then evicted.  *Id.* at 869.

//

In criticizing the *Lee* decision, the court stated that section 1006 of the California Civil Code[1] recognizes the possession of property as a protected interest.  271 B.R. at 870-71.  According to the court, the opinion in *Baca* did not analyze whether the debtor in that case had retained an equitable interest in the property.  *Id.* at 875.  Consequently, the court ruled, a debtor's possession of property at the time the bankruptcy is filed establishes an equitable possessory interest in the property which constitutes a property interest of the bankruptcy estate and is protected by the automatic stay.  *Id.* at 876; *see also In re Williams*, 323 B.R. 691, 699 (B.A.P. 9th Cir. 2005).  As a result, the post-petition eviction violated the automatic stay.

**Discussion**

    11 U.S.C. §362(b)(22)

    In its reply brief, Aurora argues that 11 U.S.C. §362(b)(22) may apply to the case at hand, and therefore the automatic stay was not violated.  However, 11 U.S.C. §362(b)(22), by its terms, does not apply to this case.  The debtor did not reside in the subject property as a tenant, and Aurora was not a lessor.

    Violation of the Automatic Stay

    According to Aurora, the sheriff, not Aurora, conducted the eviction, and therefore the only party that can theoretically be liable for violating the stay is the sheriff's department.  However, according to the declaration of Leo Avila ("Avila"), who is a case manager for Aurora's counsel, Avila contacted the sheriff's office to ask whether the eviction would proceed despite the debtor's bankruptcy, and was advised that the sheriff's office only needed a letter of instructions from Aurora to proceed with the lockout.  Avila admits sending the instructions to proceed with lockout to the sheriff on December 11, 2009, four days after the bankruptcy was filed.  Aurora's argument that only the sheriff could be liable for violating the stay therefore borders on the frivolous.

//

//

---

[1] That provision provides that "[o]ccupancy for any period confers a title sufficient against all except the state and those who have title by prescription, accession, transfer, will, or succession; but the title conferred by occupancy is not a sufficient interest in real property to enable the occupant or the occupant's privies to commence or maintain an action to quiet title, unless the occupancy has ripened into title by prescription."  CAL.CIV.CODE §1006.

- 4

The analysis in *Butler* and *Williams*, cited above, is correct.  Creditors must not underestimate and/or disregard the seriousness and reach of the automatic stay—especially not as Aurora has here, first by not bothering to seek relief from the automatic stay, and then by arguing that the sheriff, not Aurora, is the party that violated the stay.  The equitable interest here appears to be nominal at best, but it is the role of the court to determine that interest, not Aurora's.  Therefore, Aurora willfully violated the automatic stay when it evicted the debtor after he filed his bankruptcy, and is subject to paying damages.

Debtor's Possession of the Subject Property

There was conflicting evidence regarding whether the debtor was actually in possession of the subject property at the time of eviction.  At the hearing, the debtor testified that while he personally was not present at the time of eviction, his wife was present as well as two cousins.  The debtor was evasive and would not immediately provide the names of his cousins.  The debtor also testified that his two cousins were tenants of the subject property and were paying the debtor $1,500 per month in rent.  The debtor also claimed that he never received a notice of the eviction.

In opposition to the debtor's motion, Aurora submitted the declaration of Laurie Nichols ("Nichols").  Nichols also testified at the hearing.  Nichols is a real estate broker for Red Crown Realty, which was hired by Aurora to handle the eviction.  Nichols was present at the eviction.  According to Nichols, the person occupying the subject property on the eviction date identified himself as a tenant, and not the debtor.  Nichols also testified that she posted notices on the door of the subject property in advance of the eviction with the eviction information, and the notices included telephone numbers for Nichols and her associate Mathias Stofenmacher ("Stofenmacher"), who was also present on the date of eviction and also testified at the hearing.  Nichols testified that when she returned to the subject property, the notices had been removed, but neither she nor Stofenmacher had been contacted by the debtor.  Nichols confirmed Stofenmacher's testimony that on the date of eviction, there was no woman or children present at the subject property, only two individuals who stated they did not know the owner.

Personal Property

The debtor testified that there was approximately $1,400 worth of tools in the subject property, as well as $2,000 in cash hidden in a box. Debtor testified that he believes this personal property is still within the subject property.

Nichols testified that on the date of eviction, Nichols and Stofenmacher provided the tenants with further notice that they had 18 days to remove any personal property from the subject property, and again provided their telephone numbers. Nichols testified that she was not contacted regarding the removal of personal property from the subject property, but that someone had broken into the subject property and removed most of the personal property. After 18 days, any remaining property was removed from the subject property, which Nichols testified was no more than $300 in value.

Damages

The debtor testified that he received legal assistance from two attorneys. First, attorney Otto Pena (SBN 182379), whose mailing address is P.O. Box 2862 Fullerton, CA 92837, apparently assisted the debtor with the filing of the chapter 13 motion. The debtor also apparently received assistance from attorney Oscar DeChavez (SBN 108605), whose mailing address is P.O. Box 711204 Santee, CA 92072, prior to the bankruptcy. The debtor testified through an interpreter and said he spoke no English and was representing himself. His pleadings were in English and appeared to have been prepared by an attorney. Although the motion requests attorney's fees and costs, the debtor stated on the record at the hearing that he did not pay any compensation to either attorney related to this matter. Therefore, the debtor is not entitled to any fees and costs, and the request is denied.

Additionally, the debtor's request for punitive damages of $10,000 is denied. Punitive damages generally require "malicious, wanton, or oppressive" conduct. *Ramirez v. Fuselier*, 183 B.R. 583, 580 (9th Cir. B.A.P. 1995). Here, there is no evidence that Aurora's conduct met this standard, particularly in light of the tension in the law discussed above.

//
//

- 6

The debtor's request for emotional damages is also denied.  The debtor has not provided any evidence, either in the moving papers or at the hearing, to support this request.

With respect to the remaining damages requested, the court finds that the debtor's testimony was unreliable.  The debtor was evasive while testifying, and would not provide names of individuals when asked by opposing counsel and the court.  Additionally, a majority of the debtor's testimony was read off of a pre-written script and it is unclear who authored the statements.  The evidence presented by Aurora, on the other hand, was credible.  The testimony of both Nichols and Stofenmacher was thorough, convincing, and trustworthy.

It is clear from the evidence that the debtor had advance notice of the eviction, but did not take any steps to mitigate the consequences.  In determining reasonable damages for violation of the automatic stay, the court must examine whether the debtor could have mitigated those damages.  *Eskanos & Adler, P.C. (In re Roman)*, 283 B.R. 1, 12 (9th Cir. B.A.P. 2002).  "A debtor cannot claim huge damages for violation of the automatic stay when the debtor failed to take steps to mitigate those damages." *See Miller v. District of Columbia*, 2009 Bankr. LEXIS 4045 (Bankr. D.D.C. 2009) (citing *In re GeneSys, Inc.*, 273 B.R. 290, 296 (Bankr. D.D.C. 2001)); *see also In re Esposito*, 154 B.R. 1011, 1015 (Bankr. N.D. Ga. 1993) (stating that debtors have a duty to mitigate damages that may arise due to a creditor's violation of the automatic stay).  In the instant case, the debtor had advance notice of the eviction, and should have removed any personal property remaining on the subject property in advance of the eviction date pursuant to the instructions provided by Nichols.  Moreover, the debtor was collecting $1,500.00 in rent from the tenants of the subject property for months after the property had been foreclosed upon and after the writ of possession was issued.

Had the debtor not been renting out a property to which he had no valid legal claim, he would have been present and could have retrieved his belongings.  He also clearly misrepresented the facts related to the eviction during his testimony.  It appears that an attorney used by his cousin has helped him craft his testimony and the pleadings in a fashion to gain a damages award, but he had abandoned the property to tenants before any eviction occurred.

Aurora appears to have been fortunate in this case that their violation of the automatic stay was against someone also gaming the legal system, so no damages will be awarded. Aurora willfully violated the automatic stay, and has only escaped being subject to a damages award because the debtor has failed to convincingly establish that he in fact suffered any actual damages.  In the future willful violators of the stay are unlikely to be as fortunate.

**IT IS SO ORDERED.**

DATED: March 8, 2010

United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of March 1, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Elizabeth (SV) F Rojas     cacb_ecf_sv@ch13wla.com
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Jhony Mejia**
15738 Lassen St
North Hills, CA 91343

Deborah M Bass
Law Offices of Deborah Bass
8961 Sunset Blvd Ste 2A
Los Angeles, CA 90069

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐  Service information continued on attached page

- 9

# CERTIFICATE OF NOTICE

```
District/off: 0973-1        User: admin              Page 1 of 1            Date Rcvd: Mar 08, 2010
Case: 09-26467              Form ID: pdf031          Total Noticed: 4
```

```
The following entities were noticed by first class mail on Mar 10, 2010.
db          +Jhony Mejia,   15738 Lassen St,   North Hills, CA 91343-1532
aty         +Deborah M Bass,   Law Offices of Deborah Bass,   8961 Sunset Blvd Ste 2A,
             Los Angeles, CA 90069-1898
tr          +Elizabeth (SV) F Rojas,   Noble Professional Center,   15060 Ventura Blvd., Suite 240,
             Sherman Oaks, CA 91403-2436
ust         +United States Trustee (SV),   21051 Warner Center Lane, Suite 115,
             Woodland Hills, CA 91367-6550
```

```
The following entities were noticed by electronic transmission.
NONE.                                                                       TOTAL: 0

        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           AURORA LOAN SERVICES LLC
                                                                            TOTALS: 1, * 0
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 10, 2010**                          **Signature:**    _Joseph Speetjens_